

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CLIFTON L. DAVIS, ) | |
| #262942, ) | |
| ) | CIVIL ACTION NO. 9:08-3255-GRA-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ROBERT STEVENSON, Warden ) | |
| BRCI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on September 18, 2008.[1]

The Respondent filed a return and motion for summary judgment on February 5, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on February 6, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. However, despite receiving an extension of time to respond, Petitioner failed to file a timely response, so on April 14, 2009, the undersigned issued an Order advising Petitioner that he had ten (10) days to notify the Court if he wished to proceed on his Petition or it would be dismissed for failure to prosecute. The Clerk

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988) [Petition received in prison mail room on September 18, 2008].

1

thereafter received a response in opposition from the Petitioner on April 15, 2009.

This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in August 1999 in Marion County on two counts of distribution of crack cocaine and one count of distribution of crack cocaine within proximity of a school [Indictment No. 99-GS-246].[3] (R.pp. 330-332). Petitioner was represented by William S. Derrick, Esquire, and after a trial by jury in his absence from September 2, 1999 to September 3, 1999, was found guilty as charged. (R.p. 152). The trial judge then sealed the sentence. (R.pp. 156-157). On November 29, 1999, Petitioner's sentence was unsealed and Petitioner was sentenced to thirty (30) years and a fine of $100,000 for both of the distribution convictions, and a concurrent lesser sentence of 15 years suspended upon service of 10 years with a fine of $5,000 on the remaining proximity conviction. (R.pp. 163-167, 338-339). Petitioner was represented at his sentencing by John R. Etheridge, Jr., Esquire. (R.p. 159). Petitioner did not appeal his sentence or conviction.

On February 25, 2000, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Davis v. State of South Carolina</u>, No. 2000-CP-33-077. Petitioner raised the following issues in his APCR:

> Ineffective Assistance of Counsel during trial and sentencing. Counsel was ineffective for failing to file a Notice of Intent to Appeal, and for failing to advise Petitioner that he would be tried in his absence.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]An additional count was nolle prossed. (R.p. 4).



(R.pp. 171, 180, 182).

Subsequently, Petitioner filed numerous amendments to his APCR raising additional issues. (R.pp. 187-265, 318-320).

Petitioner was represented in his APCR by Daniel J. MacDonald, Esquire, and an evidentiary hearing was held on Petitioner's application on October 11, 2005. (R.pp. 270-312). At the conclusion of the hearing, the PCR judge noted that the State conceded that Petitioner was entitled to a belated appeal, but advised the parties that he would take the other matters under advisement. (R.p. 311). The PCR judge thereafter issued an order dated January 10, 2005, finding that Petitioner was entitled to a belated review of direct appeal issues, but denying all other claims. (R.pp. 317-329).      Petitioner filed a timely appeal in which he was represented by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's counsel filed a brief pursuant to White v. State[4] raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that Petitioner did not knowingly and voluntarily waive his right to direct appeal?

See Respondent's Exhibit 2, p. 2.

Petitioner's appellate counsel also filed an Anders[5] brief to obtain the requested belated review of direct appeal issues, as required by Rule 227 of the South Carolina Appellate Court Rules, and raised the following issue:

> Whether the trial court erred in refusing to grant a directed verdict to the drug charges for which Petitioner was on trial when the evidence was insufficient beyond a reasonable doubt?

---

[4]White v. State, 208 S.E.2d 35 (S.C. 1974).

[5]Anders v. California, 386 U.S. 738, 744 (1967).

3



See Respondent's Exhibit 2, p. 3.

On June 27, 2005, the Clerk of the South Carolina Supreme Court advised Petitioner of his right to submit a pro se brief, following which a pro se brief was filed on July 26, 2005. See Respondent's Exhibits 5 and 6. On September 25, 2006, the Supreme Court of South Carolina granted the Petition for Writ of Certiorari, and after a review pursuant to Anders, dismissed the appeal. Davis v. State, Memorandum Opinion No. 2006-MO-029 (S.C.Sup.Ct. filed Sept. 25, 2006); See Respondent's Exhibit 7. The remittitur was issued on October 11, 2006. See Respondent's Exhibit 8.

Petitioner then filed a second APCR on February 2, 2007, again alleging claims of ineffective assistance of counsel and lack of subject matter jurisdiction. See Respondent's Exhibit 9, pp. 2-3. The State moved to dismiss the application as successive and untimely; see Respondent's Exhibit 10; and on August 29, 2007, the PCR judge issued a conditional order of dismissal, expressing his intent to summarily dismiss the application as successive and untimely, but allowing Petitioner an opportunity to respond.[6] See Respondent's Exhibit 11. On October 19, 2007, the PCR judge issued a final order denying the petition. The order advised Petitioner of his appeal rights; however, no appeal was filed. Davis v. State (filed October 19, 2007). See Respondent's Exhibit 14.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following ground:

**Ground One:** Ineffective Assistance of Trial and Appellate Counsel

---

[6]Petitioner appealed the conditional order; however, the appeal was dismissed without prejudice on September 18, 2007, as the conditional order of dismissal was not an appealable order. See Respondent's Exhibits 12 and 13.

4



>   Supporting facts: Trial Counsel failed to notify me of when to report to court. Trial counsel also failed to file a notice of appeal when a judgment of conviction was rendered after jury trial.

See Petition, p. 6.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondent contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[7] and runs from the latest of -

   (A)  the date on which the judgment became final by the conclusion of direct review

---

[7] Antiterrorism and Effective Death Penalty Act of 1996.





or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner did not seek a direct appeal; however, he was afforded a belated review of his direct appeal issues. Therefore, his conviction became final, for purposes of his time calculation, at the end of the ninety (90) day period he had to seek certiorari review from the United States Supreme Court. See U.S.Sup. Ct. Rule 13.3; Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 683-687 (2009)[When state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of limitations period is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal]; see also Gildon v. Brown, 384 F.3d 883, 885 (7th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). The opinion from the belated review was issued on September 25, 2006.[8] Accordingly, the time for

---

[8] The time to seek certiorari runs from the date of the decision rather than the date of the
(continued...)

Petitioner to seek certiorari expired on December 26, 2006[9], and his conviction became final for purposes of calculating the federal time limitations for his habeas petition on that date.

Petitioner's second APCR was filed on February 2, 2007.[10] This second PCR petition was dismissed on the grounds that it was both successive and untimely. See Respondent's Exhibits 11 and 14. Because this APCR was found to be untimely, it did not toll the running of the limitations period because it is not deemed to have been a "properly filed" petition. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; see also McMillian v. Carochi, 198 Fed.Appx. 766, 768 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period [only] as long as they were otherwise 'properly filed.'"]. Therefore, in order for this federal habeas Petition to be timely filed, it must have been filed by no later than December 26, 2007. It was not filed until September 18, 2008, well after the expiration of the limitations period, and is therefore time barred under § 2244(d)(1)(A).

Finally, the Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling. See Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). However, the Fourth Circuit held in Harris that

---

[8](...continued)
remittitur. See U.S.Sup. Ct. Rule 13.3.

[9]Ninety days from September 25, 2006, is December 24, 2006, which was a Sunday. See Rule 6(a)(3). Fed.R.Civ.P. Since the following Monday, December 25, was a legal holiday, Petitioner had until December 26, 2006 to seek certiorari review in the United States Supreme Court. See Rule 6(a)(4), Fed. R.Civ.P.; see also U.S.Sup. Ct. Rule 13.3.

[10]Petitioner's first PCR (filed February 25, 2000) was pending prior to when the time started to run for Petitioner to file his federal habeas petition and therefore does not affect the time period at issue. See discussion, supra.



circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Also, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113). Here, although Petitioner states in his Petition that he did not receive a copy of the dismissal (presumably he is referring to the PCR order dismissing his second petition) until over a year later, he does not provide any additional facts or specifics with respect to this assertion; see Petition, p. 14; and even though the Respondent moved to dismiss the petition as untimely, Petitioner failed to even address this issue in his memorandum in opposition to summary judgment.

Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]. Rather, Petitioner simply failed to timely file this federal petition. Accordingly, Petitioner is not entitled to any equitable relief and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 12, 2009

Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



10