IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| CLIFTON L. DAVIS, #262942, | )<br>)<br>) CIVIL ACTION NO. 9:08-3255-GRA-BM |
| Petitioner, | )                    ORDER<br>) |
| v. | )<br>) |
| ROBERT STEVENSON, Warden BRCI, | )<br>)<br>) |
| Respondent. | )<br>) |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on May 12, 2009 and the Petitioner's Motion for an Extension filed on or about June 29, 2009. Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed *pro se* on September 18, 2008. The Respondent filed a return and motion for summary judgment on February 5, 2009.

As the Petitioner is proceeding pro se, a *Roseboro* order was filed on February 6, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. However, the petitioner failed to file a timely response, so on April 14, 2009, the magistrate issued an Order advising Petitioner that

he had ten (10) days to notify the Court if he wished to proceed on his Petition or it would be dismissed for failure to prosecute. The Clerk thereafter received a response in opposition from the Petitioner on April 15, 2009.

On May 12, 2009, the magistrate issued a Report and Recommendation recommending that the defendant's Motion for Summary Judgement be dismissed with prejudice.  On June 12, 2009, the petitioner was granted an extension of time to file objections to the report and recommendation until June 26, 2009.  On or about June 29, 2009,[1] the petitioner filed a second motion for an extension, requesting until July 13, 2009 to submit objections to the Report and Recommendations.

As a threshold matter, the petitioner's request of for an extension to answer the Report and Recommendation is denied as the petitioner has already been given one extension to file objections to the Report and Recommendation.  Additionally, the petitioner has received a total of six extensions in this matter.  Finally, nothing presented by the petitioner demonstrate's good cause.  Accordingly, the petitioner's request for an extension is denied.

Plaintiff brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266, 270-276 (1988), a prisoner is deemed to have filed a motion when he or she delivers the motion to prison authorities for mailing.  The postmarked date of second motion for an extension was June 29, 2009.  However, the Court expressly notes that this motion is denied regardless of the date filed because just cause has not been shown.

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

*Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  The petitioner has not filed any objections.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, the Respondent's Motion for Summary Judgment is GRANTED, and the Petitioner's claims are DISMISSED, with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 10, 2009

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.