IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| CLIFTON L. DAVIS, #262942, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION NO. 9:08-3255-GRA-BM ORDER |
| v. | ) ) | |
| ROBERT STEVENSON, Warden BRCI, | ) ) ) | |
| Respondent. | ) ) | |

This matter comes before the Court upon the petitioner's Objections to the Magistrate's Report and Recommendation. On May 12, 2009, the magistrate issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C.. On June 29, 2009, the petitioner filed a motion to for an extension of time to answer the Report and Recommendation. The petitioner had already been granted on extension to respond to the Report and Recommendation, and had been given a total of six extensions over the course fo the proceedings. The pending deadline to respond was June 26, 2009. On July 10, 2009 this Court granted the respondent's motion for summary judgement and denied the petitioner's motion for an extension. Also on or about July 10, 2009 the petitioner filed his objections to the magistrate's Report and Recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

As a threshold matter the Court notes the petitioner's response is most likely untimely. The deadline for objecting to the Report and Recommendation was June 26, 2009, and the objections received were postmarked July 10, 2009. However, pursuant to *Houston v. Lack*, 487 U.S. 266, 270-276 (1988), a prisoner is deemed to have filed a motion when he or she delivers the motion to prison authorities for mailing. Thus, the Court determines that judicial resources would be better served by ruling on the adequacy of the objections as opposed to pursuing the procedure of determining their timeliness.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the

objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). None of the objections offered by the petitioner meet this standard as they are cursory and simply restate the petitioner's argument.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, the Respondent's Motion for Summary Judgment is GRANTED, and the Petitioner's claims are DISMISSED, with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 17, 2009

**NOTICE OF RIGHT TO APPEAL**

     Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.